Wardlaw J.
delivered the opinion of the Court.
Proof of some injury done to the plaintiff’s right of possession, in the close described, is indispensable to sustain this action. If that proof be made, other enormities embraced in the acts of direct injury which are complained of, or arising by natural and probable consequence from them, may be considered in estimating the damages. And to direct the discretion of the jury in awarding a measure of damages, which over and above a just reparation to the plaintiff, may punish the trespassers according to their evil iteniions, the persons, language and conduct of the defendants immediately connected with the trespass, although prior to it, and not part of it, may be looked into as evidences of wantonness, malignity, or other evil motive. But previous injuries to the rights of third persons, or previous exercises of dominion by the defendants over their own property, however explanatory of motive, cannot, by a subsequent trespass upon the plaintiff, be also made trespasses, so that for the whole he may recover against the defendants as trespassers ah initio.
Whether the plaintiff had any right of possession to the land between the ditch and the road, or to the ditch itself, was a preliminary inquiry: but assuming, as on the circuit was supposed to have been established, that these belonged to the elder defendant, and the plaintiff’s possession of them had been that of a mere wrong doer, the defendant, the owner, had a right to enter and do with the soil as with other portions of his freehold. If he committed a breach of the peace, he was answerable criminally; if he did wrong to the plaintiff’s person, or personal property, for such wrong the plaintiff had his proper *321 action; but for injury to the soil or breach of the close, the plaintiff could not maintain an action of trespass quare clausum fregil, for the soil was the defendant’s, and the title was his justification.
In relation to the matter contained in the 4th ground of appeal, the jury was directed, that under the proof, the elder defendant “had the right to re-open the ditch as a boundary, and if he did no more the plaintiff could not recover: but if he did more than was necessary to that purpose, and in doing it committed in connection with it other trespasses, it might make him and all concerned trespassers ah initio.” If the defendant had the right to re-open the ditch, that right pertained to him as owner, and the exercise of it standing singly, could, under no circumstances, have been a trespass for which the plaintiff could have maintained an action of trespass, viet armis. When the law gives an entry, authority or license to any person, and he abuses it by the commission of some subsequent act of trespass, he will be considered a trespasser from the first entry, or first act done under the authority or license. The meaning of this is, that an entry or act, which, without the authority or license of the law, would have been a trespass, shall even, when done under such authority or license, be, by a subsequent trespass, deprived of the justification which ihc authority or license would otherwise have given. The abuse of the authority or license determines the quo animo, and shows that the first act was not really as the law permitted, but retained the tortious character, which prima facie belonged to it. But if the first act was no trespass upon the plaintiff, whether the purpose of it was lawful or unlawful, or subsequent trespass, (however its motive may have been exhibited by the first act,) cannot operate to confer upon the plaintiff a right of action for that which was no legal trespass upon him. If the right of possession to the ditch had been in a third person, although the plaintiff might, as part of the transaction in explanation of the defendant’s motives in the subsequent invasion of the plaintiff’s soil, have shown their violence concerning the ditch, he could not have recovered damages directly for an entry into the ditch; as to that the right of action would have been in a third person. Much less can the plaintiff reco ver *322 for an entry into the ditch, if the right of possession to it was in the defendant’s themselves, or one of them. They could do with their own as they pleased, subject only to the duty of not injuring others: and for an injury done to others, by abuse of their right over their own, although they might have been liable in case, they cannot be sued in trespass. The conduct of the defendantsas to the ditch, if it was their own, may have appeared harsh and ungenerous; but if it was lawful, should not have been confounded with a subsequent wrong, so as to give to the plaintiff damages for the whole as one continued trespass. Upon other points of the case some remarks might be made, but desirous of a new trial without prejudice, the Court rests its opinion simply upon the misdirection complained of in the 4th ground of appeal, and directs that the motion be granted.
Evans J., and Fkost J., concurred.
Richaudson J. concurred in the new trial.
Heard before Judge Withers’ election.